UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY PAYNE,

    Petitioner,

-vs-                                            Case No.  8:99-CR-78-T-27MSS
                                                               8:05-CV-273-T-27MSS

UNITED STATES OF AMERICA ,

    Respondent.
_____/

## ORDER

This matter comes before the Court on Petitioner's Notice of Appeal of the Court's April 15, 2005 Order striking the motion she filed pursuant to 28 U.S.C. § 2255 because, contrary to the express directions of Rule 2(b), Petitioner failed to make **any** factual allegations in her motion. Petitioner's claims were set forth as generic statements of the constitutional rights enjoyed by all criminal defendants in federal court proceedings.[1] *See* Rule 2(b), Rules Governing Section 2255 Proceedings (2005).

Petitioner was afforded an opportunity to file an amended motion. Her amended motion was due to be filed on or before May 9, 2005. *See* Dkt. 4 at 3. Rather than comply

---

[1] Ground One: Whether the Petitioner was denied her unalienable right to due process guaranteed by the 5th Amendment of the United States Constitution, during the course of the criminal proceedings; Ground Two: Whether the Petitioner was denied her unalienable right to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution, during the course of the trial court proceedings; Ground Three: Whether the Petitioner was denied her unalienable right to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution, during the course of the sentencing proceedings; Ground Four: Whether the Petitioner was denied her unalienable right to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution, during the course of the appellate proceedings; and Ground Five: Whether the Petitioner is actually innocent.

with the Court's order, Petitioner filed an undated[2] Notice of Appeal on June 5, 2005 (Dkt. 6). Pursuant to Fed. R. App. P. 22,[3] a notice of appeal of a final order in a 28 U.S.C. § 2255 proceeding is deemed to also include an application for a certificate of appealability.[4] *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997) (stating that a notice of appeal shall be construed as an application for issuance of a certificate of appealability).

The decision Petitioner challenges is, however, interlocutory in nature. Generally, pursuant to 28 U.S.C. § 1292, the courts of appeals have no jurisdiction over appeals from interlocutory orders. The Court did not state that 28 U.S.C. § 1292(b) is applicable to the order from which this appeal is being taken.

Petitioner fails to demonstrate that reasonable jurists could find it debatable whether (1) the motion states a valid claim of the denial of a constitutional right <u>and</u> (2) the district court was correct in its procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (*per curiam*). To the extent

---

[2]*See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials).

[3]"Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[4]"[I]n a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

that a certificate of appealability may be required for this appeal to proceed, Petitioner has not made the requisite showing for issuance of one.

ACCORDINGLY, construing the notice of appeal as a request for issuance of a certificate of appealability, the COURT **ORDERS** that the request is **DENIED** (Dkt. 7).

**ORDERED** in Tampa, Florida, on _June 15th_, 2005.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:  Pro se litigant
            Counsel of Record
SA/jsh