**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BETTY PAYNE,

      Petitioner,

-vs-                               Case No.  8:99-CR-78-T-27MSS
                                                    8:05-CV-273-T-27MSS

UNITED STATES OF AMERICA ,

      Respondent.

_____/

**O R D E R**

This matter comes before the Court for consideration of Respondent's Motion to Dismiss Payne's Amended 28 U.S.C. § 2255 Motion as Untimely and Motion to Stay Proceedings Pending Ruling (CV Dkt. 23). Petitioner has filed in opposition to the motion to dismiss (CV Dkts. 24 and 26).  For reasons set forth below, the Court finds that Respondent's motion should be granted.

**Background**

On March 10, 1999, a federal grand jury returned a 20-count indictment charging Petitioner and five others as principals in Greater Ministries International Church of engaging in a fraudulent investment scheme that took in more than $400 million between 1996 and 1999. Following a lengthy jury trial, Petitioner was found guilty on March 12, 2001, of mail fraud conspiracy, money laundering conspiracy, mail fraud, money laundering, conducting unlawful monetary transactions, and unlawfully structuring financial transactions (CR Dkt. 434).

Petitioner was sentenced on August 6, 2001, to a total of 151 months in prison (CR Dkt. 552). The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences on November 10, 2003 (CR Dkt. 1028). *See Payne v. United States*, Case No. 01-14746F (11th Cir. 2003). Petitioner's convictions became final on February 10, 2004, when the 90-day window during which Petitioner could have petitioned the United States Supreme Court for a writ of *certiorari* expired.[1] *See Kaufmann v. United States*, 282 U.S. 1336, 1339 (11th Cir. 2002).

Petitioner filed a "shell"[2] motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 on February 9, 2005.[3] Having reviewed the record, the parties arguments, applicable statutes, and controlling case law, the Court finds that the motion is barred by the one-year limitation period applicable to § 2255 motions and Petitioner has failed to demonstrate that she was prevented from filing her motion within the limitation period by extraordinary circumstances beyond her control and unavoidable with due diligence. *See* 28 U.S.C. § 2255(6). Respondent's motion to dismiss will, therefore, be granted.

---

[1]*See* Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . . The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

[2]Without providing any factual support for her claims, Petitioner asserted that she was "denied her unalienable right to due process guaranteed by the 5th Amendment of the United States Constitution, [sic] during the course of the criminal proceedings. . . . [and] to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution, during the course of the trial court proceedings, . . . . the sentencing proceedings,. . . . and the appellate proceedings." Petitioner further asserted, again without providing any factual support for the claim, that she is actually innocent of the offenses of conviction. *See* CV Dkt. 1 at 3-4. The § 2255 motion and the request for an extension of time in which to perfect the motion were signed by an unidentified third party "for" Petitioner. The signature is illegible and nothing in the record suggests that anyone was "authorized" to act on Petitioner's behalf. *See* Rule 2(b)(5), Rules Governing Section 2255 Proceedings (2006).

[3]*See Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion was filed on date that he signed, executed, and delivered his petition to prison authorities for mailing).

## Standard of Review

A court should not grant a motion to dismiss "unless it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (citations omitted); *see also S. Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir. 1996). The Court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). However, conclusory allegations and unsupported conclusions of law or fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson v. Bellsouth Telcomms.,* 372 F.3d 1250, 1262-63 (11th Cir. 2004). "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Because Petitioner did not petition the Supreme Court for certiorari review, her judgment of convictions became final on February 10, 2006. *See Kaufmann, supra*, at 1339.

As discussed *supra* n.2, when Petitioner filed her § 2255 motion on February 9, 2005, she requested relief based on generic statements of constitutional rights enjoyed by all criminal defendants in federal court proceedings. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts,[4] the Court undertook a preliminary review of the motion and the prior proceedings in the underlying criminal case. The Court concluded that, devoid of any factual support, Petitioner's allegations were insufficient to support a request for relief under § 2255. *See Strickland v. Washington,* 466 U.S. 668, 689-90 (1985); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim). *See also Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (holding that "a petitioner must state specific, particularized facts which . . . . consist of sufficient detail to enable the court to determine, *from the face of the petition alone*, whether the petition merits further habeas corpus review" (emphasis added)). "Since it is the relationship of the facts to the claim asserted that is important" motions that contain mere conclusions of law, unsupported by any facts, are "obviously deficient." Rule 2(c), Rules Governing Section 2254 Cases advisory committee note.[5] *See also Woodford v. Garceau*, 538 U.S. 202, 210 (2003) (a petition for federal habeas relief is not "pending"

---

[4]Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."

[5]*See* Rule 2(b), Rules Governing Section 2255 Proceedings advisory committee note directing the reader to "[s]ee the advisory committee note to Rule 2 of the § 2254 rules for further discussion of the purposes and intent of Rule 2 of these § 2255 rules."

until a federal court is presented with a habeas application placing the *merits* of the petitioner's claims before the court for adjudication); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics). The Court directed the clerk to strike Petitioner's § 2255 motion on April 15, 2005, and consistent with the rules governing these proceedings, Petitioner was afforded an opportunity to cure the deficiencies in her motion by filing an amended motion setting forth her claims with specificity (CV Dkt. 4). Petitioner was cautioned that to secure a hearing on her claims, a habeas petitioner must allege facts, which, if true, would entitle her to habeas relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc).

Petitioner was further advised that once the one-year limitation period expired, *see* 28 U.S.C. § 2255, she could not amend the § 2255 motion to add any claim that did not relate back to one of the claims raised in the original motion.

> "Relation back" causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed if they "arose out of the conduct, transaction, or occurrence" set forth in the original § 2255 motion. To hold otherwise would allow a prisoner to circumvent the statute of limitations by simply filing an empty motion and using Fed. R. Civ. P 15(c) as a method of extending AEDPA's one-year limitations period.

*See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001) (finding that to relate back under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings). *See also Dean v. United States*, 278 F.3d 1218, 1221-22 (11th Cir. 2002); *Pruitt v. United States*, 274 F.3d 1215, 1218 (11th Cir. 2001).

According to Petitioner, having concluded that an amended § 2255 motion would be found to be untimely, she decided to forgo filing an amended motion and instead sought

appellate review of the Court's interlocutory order striking the § 2255 motion, *see* CV Dkt. 17 at 2. The Eleventh Circuit Court of Appeals rejected Petitioner's request for issuance of a certificate of appealability (CV Dkt. 15). *See Payne v. United States*, Case No. 05-13184-H (11th Cir. Sept. 19, 2005). On November 1, 2005, the Court ordered Petitioner to show cause why this matter should not be dismissed pursuant to Fed. R. Civ. P. 41(b). In her response, Petitioner requested leave to file an amended § 2255 motion (CV Dkt. 17). The Court granted her motion on November 30, 2005, delaying any decision on timeliness until the amended petition was received (CV Dkt. 18).

On December 16, 2005,[6] Petitioner filed an amended § 2255 motion (CV Dkt. 20 at 13). A comparison of the claims raised in the original and amended motions demonstrates that Petitioner's claims are foreclosed by the Supreme Court's recent holding in *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2569-75 (2005).[7]

---

[6]A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). In the absence of evidence to the contrary, the Court assumes that Petitioner delivered the petition to prison authorities the day she signed the document. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the Court construes December 16, 2005 as the date of filing.

[7]Mayle timely alleged that his conviction violated the Fifth Amendment because videotaped statements of a witness were played for the jury in violation of his Sixth Amendment right to confront the witness. *Id.* at 2566. Five months after the one-year limitation imposed under the AEDPA expired, Mayle moved to amend his petition to add another claim. The new claim arose from the same conviction, but regarded Mayle's pretrial statements to the police. *Id.* The district court denied the amendment, adopting the magistrate judge's recommendation that Mayle's request to amend his petition be denied as untimely, reasoning that the claim did not relate back because the "allegedly involuntary statements to police did not arise out of the same conduct, transaction, or occurrence as the videotaped interrogation of prosecution witness Kenneth Williams." The Ninth Circuit reversed the district court, finding that the defendant's "trial and conviction in state court" constituted a "transaction" within the meaning of Rule 15(c)(2). *Id.*

The Supreme Court disagreed, finding the Ninth Circuit's approach "boundless." *Id.* at 2573. Distinguishing the pleading requirements under the rules governing the filing of habeas petitions from that of civil complaints governed by Fed. R. Civ. P. 8(a), whereby a complaint is considered sufficient if it "provides fair notice of what the claim is and the grounds upon which it rests," the Supreme Court reasoned that:

> Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also* Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28

(continued...)

In the original motion, Petitioner asserted the following grounds for relief:

1. Whether the Petitioner was denied her unalienable right to due process guaranteed by the 5th Amendment of the United States Constitution, during the course of the criminal proceedings;

2. Whether the Petitioner was denied her unalienable right to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution, during the course of the trial court proceedings;

3. Whether the Petitioner was denied her unalienable right to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution, during the course of the sentencing proceedings;

4. Whether the Petitioner was denied her unalienable right to effective assistance of counsel guaranteed by the 6th Amendment of the United States Constitution, during the course of the appellate proceedings; and

5. Whether the Petitioner is actually innocent.

CV Dkt. 1 at 3-4. As the *Mayle* decision makes clear, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." 125 S.Ct. at 2572.  In other words, in order for the claims in an amended motion to relate back, they must be of the same "time and type" as those in the original motion such that they arise from the same "core of *operative* facts." *Id.* at 2566, 2571-72, 2574 (emphasis added; citation omitted).  An amendment which states an entirely new claim for relief based on different facts will not relate back. *See Dean v. United States*, *supra*, at 1221 (citing *Forzley v. AVCO*, 826 F.2d 974, 981 (11th Cir. 1987)). Since Petitioner failed

---

[7](...continued)
   U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).

125 S.Ct. at 2570. As explained in *Mayle*, relation back is only allowable "when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 2571 (citation omitted).

to challenge <u>any</u> conduct, transaction or occurrence in the original § 2255 motion, the subsequently filed claims have nothing to relate back to. As demonstrated below, the activities in question are not tied to a "common core of operative facts" that would make relation back proper:

1. Counsel's erroneous advise to Defendant Mr. Payne not to take the stand and [Petitioner's] attorney ill-advising her not to take the stand as the Government had failed to prove their case constituted ineffective assistance of counsel and warrants a new trial;

2. [Petitioner's] counsel was ineffective for failure to object at [Petitioner's] sentencing that the jury's failure to return a verdict on Count II specifying (as trial judge had instructed them) which § 1956(h) offense that [Petitioner] was being found guilty of, either § 1956 or § 1957, rendered counsel's performance constitutionally deficient to the detriment of [Petitioner], and warrants her sentence to be vacated;

3. Counsel's failure to object to imposition of [Petitioner's] sentence beyond the 10-year statutory maximum constitutes ineffective assistance of counsel;

4. The federal sentencing guidelines were applied unconstitutionally to [Petitioner] in violation of her 5th and 6th Amendment rights, and requires her sentence to be vacated;

5. Counsel's failure to object to the amount of restitution, where the sentencing court awarded more restitution than the victim's purported losses, constituted ineffective assistance of counsel and the restitution order must be vacated;

6. [Petitioner's] First Amendment constitutional rights were violated as she acted on her strongly held religious beliefs based on the holy word of God, The Bible, and as a co-founder and trustee of Greater Ministries, did not conspire to defraud its members;

7. There was no fraud committed by the Defendants, as the Church gave out more than $510 million in "gifts" to those who gave to Greater Ministries, which the Government failed to disclose this material evidence under *Brady* and *Giglio* and resulted in a constitutional Fifth Amendment violation requiring the sentence to be set aside; and

8. [Petitioner] claims her actual innocence of the charges as there there [sic] has been a "miscarriage of justice" – due to Constitutional violations, prosecutorial errors, and deceitful witnesses, resulting in ineffective assistance of counsel, and requiring a reversal of the charges.

CV Dkt. 20. Having compared the claims Petitioner presented in the original motion with those presented in the amended motion, the Court concludes that Petitioner is not entitled to the benefit of Rule 15(c)'s relation back provisions.  A capacious construction of Rule 15(c)'s "conduct, transaction, or occurrence" language that allows "relation back of a claim first asserted in an amended petition so long as the new claim stems from the . . . trial, conviction, or sentence" has been rejected as overly broad and at odds with "Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]." *Mayle*, *supra*, at 2570-71.  As the *Mayle* court cautioned, "[u]nder that comprehensive definition, virtually any new claim introduced in an amended [habeas] petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto."  *Id.* at 2570.

In denying Petitioner's motion for reconsideration of its finding that she failed to meet the test[8]  for issuance of a certificate of appealability, the Eleventh Circuit found that Petitioner's original § 2255 motion was properly struck for failure to comply with Rule 2(b) of the Rules Governing Section 2255 Proceedings, which requires that the movant "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." *Payne v. United States*, Case No. 05-13184-H (11th Cir. 2005).

When she filed the initial § 2255 motion, Petitioner was not seeking an "adjudication on the merits"[9] of any claim, substantive or otherwise. As she acknowledged in her initial

---

[8]*Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find debatable both (1) the merits of her underlying claims and (2) the procedural issues she seeks to raise).

[9]*See Woodford v. Garceau*, 538 U.S. 202, 207 (2003) (discussing when a petition is considered pending for purposes of determining whether it was subject to the AEDPA, the Supreme Court held that an "application for habeas corpus relief" is a filing that seeks "an adjudication on the *merits* of the petitioner's claims" (emphasis in original)). The *Woodford* court rejected the assertion that a "Specification of Non-Frivolous Issues" filed by counsel placed the merits of the prisoner's claims before the district court, finding (continued...)

§ 2255 motion, the claims presented therein were not "perfected" because she had been unable to "obtain the transcript, [sic] and other parts of the record which are pertinent in [Petitioner's] attempt to perfect" her claims (CV Dkt. 1 at 4). In the motion for extension of time, filed contemporaneously with her § 2255 motion, Petitioner sought leave to file a "supplemental memorandum in support of the § 2255 [motion]" once she completed a review of the record, which had not yet been returned to the district court (CV Dkt. 2 at 2). Like Garceau, in her initial § 2255 motion, Petitioner "simply alerted the [d]istrict [c]ourt as to some of the possible claims that might be raised . . . in the future." *Woodford v. Garceau, supra*, at 210 n.1. Petitioner's initial § 2255 motion could not conceivably have entitled her to any relief and to conclude that Petitioner's motion could serve as a "placeholder" to which future, more specific and detailed claims could relate back would eviscerate the AEDPA's statute of limitations.

As a practical matter, any claim raised in the future could be deemed to relate back to such nebulous "claims." Such a conclusion would run afoul of the *Mayle* decision. 125 S. Ct. at 2569-75. While recognizing the "tight time line" adopted by the AEDPA in terms of the statute of limitations for § 2255 motions, the *Mayle* Court rejected an expansive interpretation of "relating back" that effectively encompassed any pre-trial, trial, or post-trial issue, concluding that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance" *Id.* at 2573-74. Finally, it is axiomatic that where, as here, there are _no_ facts presented in support of the original

---

[9](...continued)
that rather than seeking "any relief on the merits or plac[ing] the merits of respondent's claims before the [d]istrict [c]ourt for decision. . . . the document simply alerted the [d]istrict [c]ourt as to some of the possible claims that might be raised by respondent in the future." *Id.* at 210 n.1.

claims, there can be no "common core of operative facts uniting the original and newly asserted claims." *Id.* at 2569-75.

As to Petitioner's assertion in opposition to the motion to dismiss that the Eleventh Circuit has "already ruled that the Amended § 2255 Motion would be considered filed in time, as of the original § 2255 filing that was entered on February 9, 2004," *see* CV Dkt. 20 at 12, the Court finds her constrained reading of the decision unpersuasive. In its September 15, 2005 order denying Petitioner's motion for reconsideration of its rejection of her request for issuance of a certificate of appealability, the Eleventh Circuit observed: "If appellant <u>had</u> complied with the court's order to file an amended § 2255 motion, the motion <u>would have been</u> deemed filed at the same time as her first § 2255 motion *for the purpose of determining if it was time-barred*." *Payne v. United States*, No. 05-13184 (11th Cir. Sept. 15, 2005) (emphasis added). The only issue before the Eleventh Circuit at that time was whether an interlocutory certificate of appealability should issue based on this Court's striking of Petitioner's initial § 2255 motion. The Eleventh Circuit's observation concerning what would have happened had Petitioner complied with this Court's order to file an amended motion cannot reasonably be construed as a considered ruling, sight unseen, that the claims asserted in the amended § 2255 motion Petitioner filed 92 days later would relate back to the initial motion.

Likewise, Petitioner's argument that her amended motion is timely because an amended pleading completely supersedes the original pleading, *see* CV Dkt. 26 at 4, is unpersuasive.  The rules governing federal judicial proceedings provide that an amended pleading relates back to the date of the original pleading only in limited circumstances,

none of which is present in this case. *See* Fed. R. Civ. P. 15(c).[10] Petitioner cannot avoid the statutorily imposed limitation period merely by filing an amended pleading.

Noting that the *Mayle* approach to interpreting amendments to pleadings in this context was already the law in this circuit, the Eleventh Circuit recently withdrew an opinion finding that a claim related back to the original petition, entered 10 days before *Mayle*. *See McLean v. United States*, 2005 WL 2172198 (11th Cir. Sept. 8, 2005), *cert. denied*, __ U.S. __, 126 S.Ct. 113 (2006). Finding that *Mayle* "provided further guidance in this area," the court concluded that:

> Under *Mayle* and *Davenport,* we cannot say that McLean's amended claim regarding his counsel's failure to show him a videotape of a drug transaction, and the affect this would have had on plea negotiations, relates back to any of his timely filed § 2255 claims. The magistrate judge erroneously concluded McLean's claim related back stating: "Although this precise issue was not fully articulated in any of McLean's prior pleadings, he complained through-out his pleadings that counsel did not adequately prepare for trial." The magistrate judge's rationale here is guilty of the "high level of generality" the Supreme Court warned against in *Mayle,* as a plethora of potential claims regarding pretrial and trial errors can fit under the umbrella of failure to adequately prepare for trial. 125 S.Ct. at 2573.

*Id*. at *2 (footnote omitted). This is precisely the dilemma presented by Petitioner's original § 2255 motion.

For reasons discussed, the Court finds that Petitioner's new claims do not relate back to the claims asserted in the original motion. *See Davenport*, 217 F.3d at 1346. To allow Petitioner to assert new claims after the statutory limitation period has expired would defeat the purpose of AEDPA to expedite federal habeas review.

---

[10]Specifically, Rule 15(c) provides, in pertinent part, that "[a]n amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the section, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(1)-(2). "Relation back" thus causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed.

Petitioner does not assert that a government-imposed impediment prevented her from filing a timely § 2255 motion. *See* 28 U.S.C. § 2255 ¶6(2). To the extent that Petitioner's assertions regarding an alleged conspiracy between Bankruptcy Trustee Kevin O'Halloran[11] and the Government to withhold information regarding the victim investors' aggregate loss may be read to assert a claim of newly discovered evidence, the argument is unavailing since the information was made known to Petitioner in 2003 during the security fraud case.[12] *See* 28 U.S.C. § 2255 ¶6(4).

Petitioner's claim premised on the Supreme Court's holdings in *Blakely*[13] and *Booker*,[14] *see* Ground Four, does not entitle her to proceed under § 2255 ¶ 6(3). Section 2255 ¶ 6(3) provides that the one year limitations period for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶ 6(3). The Supreme Court clarified this provision in *Dodd*, holding that in the event the dates do not coincide, the one-year limitations period runs from the date that the Supreme Court first recognizes the new right, not from the date it becomes retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Unless the Supreme Court determines that the right may be

---

[11]*In Re Greater Ministries International, Inc.*, Case No. 99-13967-8B1 (Bankr. M.D. Fla. 2003).

[12]*Alabama Securities Comm. v. Greater Ministries*, 125 Fed.Appx. 975 (11th Cir. 2004) (table decision), *cert. denied*, *Whitfield v. Alabama Securities Com'n*, __ U.S. __, 126 S.Ct. 347 (2005). A copy of the Eleventh Circuit's unpublished opinion is available in the district court's file, *see* Case No. 8:99-1786-CV-T-30MSS, Dkt. 636.

[13]*Blakely v. Washington*, 542 U.S. 196, 124 S.Ct. 2531, 159 L.Ed.2d 403 (Jun. 24, 2004) (applying the rule of *Apprendi*, the court held that the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings).

[14] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

retroactively applied, the one-year limitations period set forth in § 2255 ¶ 6(3) never comes into play. *Id.* at 358-59.

As of the date of this Order, the Supreme Court has not determined that the *Blakely/Booker* decisions apply retroactively on collateral review. The Eleventh Circuit has held, on the other hand, that "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). *See also In re Anderson*, 396 F.3d 1336 (11th Cir. 2005). Given the fact that the *Blakely/Booker* decisions are not applied retroactively, an argument that Petitioner is entitled to proceed under § 2255 ¶6(3) fails.

Thus, unless Petitioner demonstrates that she is entitled to equitable tolling of the limitations period, her § 2255 motion is time barred. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond the petitioner's control and unavoidable even with diligence. *Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002), *cert. denied* 538 U.S. 947 (2003). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *see also Helton v. Secretary for Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

Petitioner's assertion that she is entitled to equitable tolling of the limitation period lacks merit. Petitioner has not shown that the delay between the date on which her judgment of conviction became final, February 10, 2004, and the date on which the instant

amended motion was filed, December 16, 2005, was the result of a rare circumstance beyond her control. In the § 2255 motion filed on February 9, 2005, Petitioner stated that she was filing the motion "in order to protect herself" from the effects of the one-year limitations period, acknowledging that she was unaware of any circumstance which might afford her equitable tolling of the limitation period (CV Dkt. 1 at ¶ 15). When her original § 2255 motion was stricken, the Court instructed Petitioner how to cure the defects therein. As the Eleventh Circuit pointed out in its order denying Petitioner's request for issuance of a COA, had Petitioner complied with the Court's order to file an amended § 2255 motion, the motion would have been deemed filed at the same time as her first § 2255 motion for the purpose of determining if it was timely.  Petitioner, acting of her own volition, failed to comply with the Court's order, which precludes her equitable tolling claim.

Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.  A petitioner in a collateral proceeding who wishes to establish her actual innocence to avoid a procedural bar to consideration of the merits of her underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995).  To establish this requisite probability, Petitioner must show that "it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence." *Id.* In this context, Petitioner must demonstrate that she has newly discovered evidence that was not presented at trial which would establish factual innocence rather than mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Petitioner's assertions of actual innocence fail under the *Sawyer* test. Petitioner has not presented any reliable "new" evidence of <u>factual</u> innocence that was not available at

trial. Without such a showing, Petitioner cannot demonstrate a colorable claim of actual innocence. In sum, Petitioner fails to demonstrate any basis for the Court to disregard the procedural bar to a consideration of the merits of her underlying claims.

### Conclusion

The Court finds that Petitioner's amended § 2255 motion was filed 309 days after the one-year limitations period expired and for reasons discussed above, she has not demonstrated that she is entitled to the benefit of equitable tolling of the limitations period. Since the amended § 2255 motion is time-barred, it would be improper for the Court to discuss the merits of Petitioner's claims. Because Petitioner's motion is barred by statute, the deficiencies in her petition cannot be cured by discovery or amendment. Respondent's motion to dismiss should, therefore, be granted.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion to Dismiss is **GRANTED** (CV Dkt. 23).

2. The amended motion to vacate, set aside, or correct sentence (CV Dkt. 20) is **DISMISSED**.

3. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on this 12th day of February, 2007.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copy to: All Parties/Counsel of Record
SA: jsh